## WHITMORE et al. v. AINSWORTH et al.

### No. 15,547; November 2, 1894.

#### 38 Pac. 196.

**Vendor and Vendee—Possession as Notice.**—Where, in an action by a grantor against the grantee to set aside a deed for fraud, the findings are for the defendant, the question whether possession by the grantor operated as notice to subsequent purchasers is immaterial.

**Witness.**—A Question Whether Defendant Wanted Plaintiff "to do anything" at a certain time was rightly excluded as calling for a conclusion.

**Vendor and Vendee—Evidence of.**—Attempt to Take Possession.—A paper executed by defendant, authorizing his agent to take possession of certain premises, is admissible to prove defendant's attempt to take possession thereof.

APPEAL from Superior Court, Alameda County; F. W. Henshaw, Judge.

Action by Charlotte S. Jones against A. G. Ainsworth and others to set aside and annul a deed for fraud and want of consideration. Plaintiff having died before the trial, her executors, Welles Whitmore and Cary Howard, were substituted as plaintiffs. Judgment for defendants. From an order denying their motion for a new trial, plaintiffs appeal. Affirmed.

Whitmore & Stoddart, Welles Whitmore, Cary Howard and M. C. Chapman for appellants; C. L. Calvin and T. F. Graber for respondents.

SEARLS, C.—This is an action brought to set aside and annul a deed executed on or about July 26, 1890, by Charlotte S. Jones to the defendant A. G. Ainsworth, upon the grounds that the same was without consideration, fraudulent and void. Defendants had judgment, from which, and from an order denying their motion for a new trial, plaintiffs appeal.

The action was commenced in the name of Charlotte S. Jones as plaintiff, who departed this life before the trial, and the present plaintiffs, the executors of her last will, were thereupon substituted as plaintiffs in the cause. A synopsis of the complaint may be thus stated: (1) On the twenty-second day of July, 1890, Charlotte S. Jones, the plaintiff, acquired a legal title to the lot of land described in the complaint by deed from Welles Whitmore. (2) Plaintiff was at the time a servant of defendant, who went with her, on the twenty-sixth day of July, to the office of Whitmore, for the purpose of receiving said deed, and thence to the office of the county recorder, where defendant represented to plaintiff that, in order to have said deed recorded, it was necessary for her to acknowledge it; and plaintiff, believing this statement to be true, made, as she supposed, such acknowledgment, but in fact acknowledged a fraudulent deed, which defendant had prepared from her to himself of the property. (3) That there was no consideration therefor. (4) That plaintiff was able to write, but said deed to the defendant was signed with plaintiff's mark: (5) That the deed was not made, signed, executed or acknowledged by plaintiff, and if her name is signed thereto it is a forgery. (6) Plaintiff was old, feeble and unacquainted with business, and defendant, well knowing that fact, took advantage of her incapacity, fraudulently procured her to acknowledge said deed, which he recorded, and now claims to be the owner of said lot of land. There are also allegations to the effect that defendant afterward executed a mortgage upon the lot to the Oakland Bank of Savings to secure the payment of $400, which mortgage was duly recorded. That the said bank took with notice and knowledge of the ownership and possession of plaintiff in and to said land, etc. Defendant's answer denies that

the deed from plaintiff to him was without consideration, and denies all fraud in its procurement. It further sets out that in July, 1890, Welles Whitmore had title and possession of the lot of land in question under a deed of conveyance from plaintiff, claiming to hold it as security for $175 asserted to be due him from plaintiff; that plaintiff was desirous of redeeming the same from Whitmore, but was unable to procure the means so to do; that plaintiff and defendant thereupon entered into an agreement whereby the latter agreed to and did advance the money to pay Whitmore, and to support, maintain and care for plaintiff, and to furnish her all the necessaries of life, including board, lodging, clothing, medical attendance, etc., during the full period of her natural life, to pay her lodge, insurance and society dues and assessments, in return for which plaintiff agreed to convey to him by deed absolute the title in fee to the lot of land in question; that in pursuance of said agreement defendant advanced the money, paid Whitmore, who conveyed to plaintiff, and the latter then conveyed to defendant the said lot, and placed him in possession; that defendant complied with all the conditions of the agreement to be by him kept and performed, etc. Defendant also incorporates in his answer, and makes a part thereof, an affidavit, made and duly certified before a notary public by the plaintiff, in which she states that she is old, feeble and without near relatives; that defendant and his family have been her friends; that defendant advanced the money to pay Whitmore, and that she then knowingly and voluntarily executed and acknowledged the conveyance to defendant, who has faithfully kept his agreement with her; that the allegations of fraud in her complaint are untrue; that she never authorized this action, never read or heard the complaint read, and was not aware of its contents, and knew nothing of its being filed, paid no costs or fees, and directs that the same be dismissed at once.

At the trial Rachel C. Quinn was called as a witness on behalf of plaintiff, and had testified as to a conversation which occurred between plaintiff and defendant, when the following question was propounded to the witness: "Q. State whether or not he [defendant] wanted her [plaintiff] to do anything or not at that time." To which counsel for defendant objected "upon the ground that it called for the conclusion of

the witness.'' The objection was sustained, an exception noted, and the ruling is assigned as error. The record shows that the court permitted the witness to testify, and she did testify at length, to the conversation between the parties, and finally, that defendant had a paper he wanted plaintiff to sign. No doubt this was precisely what plaintiff desired to prove in answer to his question. Whether it was or not, the action of the court in confining the witness to a statement of facts as they occurred, rather than to an expression of her opinion of what was wanted, was proper.

Thomas T. Jones was called by the plaintiff as a witness, and, after testifying that plaintiff was his wife, said he went to the house where his wife died, on the day of the funeral, to take possession of the place; that he had a paper with him, which he produced, and which he said he tried to show to Mrs. Rachel C. Quinn, but she would not look at it. On cross-examination the paper was offered in evidence, and proved to be an authorization to witness from defendant as owner to take possession of the premises in which his wife had died, and to hold the same until further arrangements. To this document objections were made, and the ruling admitting it is assigned as error. The evident object of the plaintiff in introducing the witness was to prove by him that he was seeking to take possession of the property in dispute, where plaintiff had died, for and on behalf of the defendant. The paper in question was the authority under which witness acted, and as such was competent evidence.

The other errors assigned upon the admission of evidence are not more important, and are as destitute of foundation as those noticed, and, as they relate to the testimony of defendant, they need not be noticed. The fact is, the testimony on the part of the plaintiff failed most signally to sustain the allegations of fraud set up in the complaint. Treated liberally, and the most that can be said of it is that it raised a suspicion as to the good faith of the defendant in some of the transactions. Had the court granted a nonsuit as asked for by defendant, its action could have been sustained. The findings are supported by the evidence. The only one upon which any doubt should be predicated is that in relation to the possession by defendant of the land in dispute; and of this it may be said: (1) There was a conflict in the evidence. (2) The

question of possession, in view of the findings that there was no fraud on the part of defendant, became wholly unimportant. If he purchased the land in good faith for a valuable consideration and received a deed of conveyance thereof in due form from plaintiff, he was entitled to the possession; and, whether he had such possession or not, he could execute a valid mortgage thereon to the Oakland Bank of Savings. It is only where the title is defective, or where equities exist in favor of the grantor or others, that possession by the grantor is notice to subsequent purchasers. In other words, possession by the grantor after a conveyance is notice to subsequent purchasers of any defects which may exist in the title, sufficient to put a subsequent purchaser upon inquiry; but, if such inquiry results in showing a perfect title in the grantee, the subsequent purchaser cannot be made to suffer by reason of his immediate grantor not having been in possession. The judgment and order appealed from should be affirmed.

We concur: Temple, C.; Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.